**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheri Shippy, | No. CV-25-00177-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Life Insurance Company, | |
| Defendant. | |

At issue is Defendant Banner Life Insurance Company's Motion for Summary Judgment (Doc. 37, MSJ), to which Plaintiff Cheri Shippy responded (Doc. 45, Resp.), and Defendant replied (Doc. 55, Reply). In her Response, Plaintiff requests relief under Federal Rule of Civil Procedure 56(d) (Resp. at 16) and attached a Declaration of Fabian Zazueta, Esq. in Support of Request for Rule 56(d) Relief (Doc. 45-1, Decl.). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

**I.      BACKGROUND**

This matter arises from Defendant's denial of benefits of an accidental death insurance policy to Plaintiff after her husband, Mr. Shippy, died in a three-car collision. Defendant denied Plaintiff's claim on the basis that, *inter alia*, Mr. Shippy died while street racing, which met an exclusion from coverage under the policy. (MSJ at 8–9.) Plaintiff sued Defendant on the following claims: (1) declaratory judgement; (2) estoppel from denying policy coverage; and (3) insurance bad faith. (Doc. 1-1 ¶¶ 22–62.) Defendant now moves for summary judgment as to each claim, arguing that no genuine dispute exists as

to whether: (1) Plaintiff failed to provide satisfactory proof that Mr. Shippy's death was covered under the policy; and (2) Defendant acted in good faith in denying Plaintiff's claim. (MSJ at 8–13.) Defendant filed its Motion nearly five months before the close of discovery and nearly six months before the deadline to file dispositive motions. (*See, e.g.*, Doc. 10.) To date, discovery remains open. (*Id.*) Plaintiff maintains that she cannot present facts in opposition of the Motion and seeks relief under Rule 56(d). (Resp. at 16; Decl. ¶¶ 13–14.)

## II.  LEGAL STANDARD

Under Rule 56(d), "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The burden is on the party seeking a Rule 56(d) continuance to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Atay v. Cty. of Maui*, 842 F.3d 688, 698 (9th Cir. 2016) (citation modified). "A party seeking additional discovery under Rule 56(d) must explain what further discovery would reveal that is essential to justify its opposition to the motion for summary judgment." *Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (citation modified). "This showing cannot, of course, predict with accuracy precisely what further discovery will reveal; the whole point of discovery is to learn what a party does not know or, without further information, cannot prove." *Id.* Still, "the evidence sought must be more than the object of pure speculation." *Id.* (citation modified).

## III.  ANALYSIS

Defendant argues that none of the evidence sought by Plaintiff "could undermine or shed light on the facts material to Banner Life's motion." (Reply at 11.) According to Plaintiff's Declaration, though, she seeks to depose Detective Guilbault who investigated the vehicular collision and prepared the police report, Andrew Lugo who was involved in the collision and informed investigators that he was not "racing" with Mr. Shippy, and

1 Courtney Johnson who investigated and denied Plaintiff's claim. (Decl. ¶ 7.) Plaintiff avers
2 that these depositions "are essential to determining whether a 'race' or 'contest' actually
3 occurred, the credibility and admissibility of the police report, and how Banner interpreted
4 and applied the Racing Exclusion." (*Id*. ¶ 8.) Plaintiff also intends to "conduct additional
5 written discovery into Banner's internal communications regarding the denial, its reliance
6 on external sources, and whether its decision was based on a reasonable and founded
7 investigation," which would be germane to whether the denial was proper and in good
8 faith. (*Id*. ¶¶ 9, 12–13.) The Court agrees that this discovery has the potential to create a
9 genuine issue of material fact. Whether it will do so is "the whole point of discovery,"
10 which has not closed to date. *Stevens*, 899 F.3d at 678.

11 Next, Defendant argues that Plaintiff should not be granted Rule 56(d) relief because
12 she has not diligently pursued discovery opportunities. (Reply at 10.) But the record shows
13 that Plaintiff issued disclosures (Docs. 12, 28, 30), served numerous discovery requests
14 (Docs. 17, 18, 26), served deposition notices to Defendant's other fact witnesses (Docs. 23,
15 27) and engaged in discovery dispute litigation while the parties were still briefing
16 Defendant's Motion (*see, e.g.*, Doc. 40). The record also indicates that discovery occurred
17 even after the Motion was fully briefed. For example, the Court ordered Defendant to
18 produce relevant portions of its claim manual to Plaintiff on November 17, 2025 (Doc. 61),
19 which was issued thirteen days *after* briefing on the Motion ended. Discovery is still open
20 and underway, and Plaintiff has not failed to diligently engage in that discovery.

21 **IV.    CONCLUSION**

22 There is still time to conduct discovery in this matter, and Plaintiff sufficiently avers
23 that such discovery may create a genuine issue of material fact that would defeat
24 Defendant's Motion. "Especially where, as here, documentation or witness testimony may
25 exist that is dispositive of a pivotal question . . . lightning-quick summary judgment
26 motions can impede informed resolution of fact-specific disputes." *Burlington N. Santa Fe*
27 *R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 774 (9th
28 Cir. 2003). Therefore, Rule 56(d) relief is appropriate, and the Court will grant Plaintiff

that relief. Accordingly, the Court will deny Defendant's Motion without prejudice and grant Defendant, on a *sua sponte* basis, leave to file a second motion for summary judgment if or when it is appropriate.

**IT IS ORDERED** granting Plaintiff relief pursuant to Federal Rule of Civil Procedure 56(d).

**IT IS FURTHER ORDERED** denying Defendant's Motion for Summary Judgment (Doc. 37) without prejudice.

**IT IS FURTHER ORDERED** granting Defendant, on a *sua sponte* basis, leave to file a second motion for summary judgment if or when appropriate.

Dated this 16th day of December, 2025.

Honorable John J. Tuchi
United States District Judge